Sean Jelen v. Tenisha Williams et al

p. 1/8

FILED
CLERKS OFFICE
2020 OCT 22 AM 1:08
U.S. DISTRICT COURT
DISTRICT OF MASS.

Sean Jelen
75353067 JB
FMC Devens
PO Box 879
Ayer, MA 01432

October 17, 2020
Clerk of Court
United States District Court
1- Courthouse Way
Boston, MA 02210

Re: JELEN v. WILLIAMS ET AL

EMERGENCY RULE 65, F.R.C.P. TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTIVE RELIEF COMPLAINT

1- The petitioner is Sean Jelen, pro se. I am presently an inmate at Federal Medical Center, 42- Patton Rd., Devens, MA 01434. I've been continuously incarcerated at FMC Devens since approximately March 1, 2018, and am expecting an imminent release pursuant to the Director of the Federal Bureau of Prison's jurisdiction under the C.A.R.E.S. Act.

2- The defendant, Tenisha Williams, is an attorney licensed in the State of New York. Despite multiple complaints that I'm aware have been filed against her law license (Grievance Committee, Appellate Division - Supreme Court, NYS - 45 Monroe St. Brooklyn, NY 11201), Ms. Williams, upon information and belief, remains practicing law

p. 2/8      Jelen v. Williams et al

through The Law Offices of Donald Mastrodomenico, 107-19 71st Avenue, Forest Hills, NY 11375, Queens County, New York State.

3- The Law offices of Donald Mastrodomenico P.C. is a New York State Professional Corporation, which employs Defendant Williams and is located at 107-19 71st Avenue, Forest Hills, NY 11375.

## JURISDICTION

4- This Court has absolute jurisdiction over this instant dispute pursuant to it's administration of 28 C.F.R. § 540.10-.18, because the offensive actions taken against this Petitioner occured while he has been incarcerated at Federal Medical Center - Devens and those actions by Defendants are contrary to the cited federal law, all occured in the District of Mass.

5- This Court has the power to grant the relief requested pursuant to Rule 65 of the Federal Rules of Civil Procedure

## Complaint

6- Beginning in 2018, the Petitioner has been engaged in a civil dispute in which the Defendants are the latest attorney hired, in 2018, by the opposing party.

P. 3/8  Sean Jelen v. Tenisha Williams, et al

7- Almost immediately, and escalating in frequency and audacity, Defendant Williams has ignored and abused the inmate legal mail protections afforded by 28 CFR §540.18. Specifically:

In order for incoming legal-mail to be segregated from general inmate-mail, the permitted party (afforded by 28 CFR §540.17) must comply with the provisions of 28 CFR §540.18.

8- In this instant-matter, Defendant Williams would simply: 1) List the parcel's return address as:
"TENISHA WILLIAMS, ATTORNEY AT LAW"
"LAW OFFICES OF DONINA MASTROQUMENICO"
"107-19 - 71ST Ave."
"Forest Hills, NY 11375"

2) List the sender as:
"Sean Jelen"
"75353027 JB"
"Inmate Legal Mail / Open in the"
"Presence of the Inmate Only"
"Federal Medical Center - Devens"
"PO Box 879"
"Ayer, MA 01432"

9- As Ms. Williams has been tirelessly advised, if these procedures are complied with, the package would be routed to my Unit Secretary, who in

p.4/8  Sean Jelen v. Tenisha Williams et al

9) opens the package in my presence, checks the package for contraband, and if satisfied, delivers the package to me.

10) Ms. Williams, however, not only ignores the warning I've provided her pursuant to 28 CFR §540.19, but Ms. Williams goes further by dispiteably including contraband documents, if not for any other reason but to subject me to disciplinary actions.

11 - Ms. Williams has been instructed, pursuant to the requirements set-forth in 28 CFR §540.18, to mail documents via legal mail by me during pre-trial conference calls in or about August 9, 2019, November 11, 2019 and by no less than 7 emails from June 1, 2019 to December 31, 2019, and an additional 4, from September 30, 2020 to October 15, 2020.

12 - The most significant warning Ms. Williams' received was during an pre-trial conference with New York State Supreme Court Justice M. Rouse-McGowan admonishing her, and instructing Ms. Williams to comply, however without an Order because she couldn't order compliance with a Federal Code at the time.

13 - The purpose of the compliance is two-fold: To prevent the distribution of my personal financial documents, assets listings, income sources,

P.5/8 Sean Gillen v. Tenisha Williams, et al

properties owned and personal identifying information from falling into the distribution of the prison's general population's mail system. As has happened in July 2019, when Ms. Williams mailed hundreds of pages listing my real estate property holdings, my fine jewelry collection, debts, bank accounts, ignoring the 28 CFR §540.18 requirement, and I found over 100 fellow inmates exposed to documents such as my home's appraisal, my wife's engagement ring's appraisal, my net worth statements, all of which irretrievably, but dangerously expose me to any sort of criminal blackmail, extortion, etc.

14 - Moreover, Ms. Williams began purposefully violating federal law by including documents which are prohibited to be, not only in my possession, but in Ms. Williams' possession as well.

In yet another mailing in which Ms. Williams maliciously ignored 28 CFR §540.18 and my instructions and that of other 3rd parties, she incredulously took the step of, somehow possessing, but mailing me a copy of my United States Probation Presentence Report. (PSR)

15 - For reasons federal judges and competent attorneys are aware, the Federal Bureau of Prisons prohibits inmate possession of the PSR

p. 6/8 Sean Julen v. Tanika Williams et al

for reasons to prevent inmate disruption, extortion and danger.

Upon my discovery of the PSR, unsecured with all other inmate documents, I immediately turned it over to Counselor _____, FMC Camp. The same day in February 2020.

16- Despite all the warnings, Ms. Williams has no intention of complying with Federal Regulations to ensure my safety and security, and whom has escalated her threat recently.

17- On October 14, 2020, several of FMC Devens Executive Staff revealed to me that Ms. Williams, having changed tactics, began emailing them about sending in, you guessed it, Contraband.

18- Shortly after the P.S.R. mailing, too Ms. Williams mailings were more thoroughly reviewed by F-BOP Devens mail room officers, whom in June 2020 and July 2020, outright rejected two large document caches that were unexpected. In accordance with 28 CFR § 540.13, FMC Devens Warden Rear Admiral Spaulding rejected the parcels for "failure to comply with legal mail requirements," in writing.

19- Despite my complaints of the danger Ms. Williams is, my mechanism to resolve or prohibit

p. 7/8 Sean Jelen v. Tenisha Williams et al
her unfiltered contact is very limited.

20- During the emails exchanged by Ms. Williams and Defense staff, it was made clear to me that Ms. Williams is attempting, or has attempted, to introduce contraband electronic media, since her mailings have begun to be thoroughly examined and/or rejected. At no time did I request any documents, but I most certainly reject any notion that I requested any electronic media.

21- Accordingly, after speaking with Executive Staff at lunch on October 16, 2020, I was advised to notify Ms. Williams not to send anything electronic (apparently a CD-Rom), and to reply within 24 hours, with a copy to her client.

22- Now more than 72 hours later, no reply has forthcome.

23- I request that the Court enter a Temporary Order prohibiting the Defendants from directing any material to the Petitioner unless the material complies with B.O.P. regulation and 28 CFR § 540.18.

24- There is no other relief available to effectively restrain the Defendants' above referenced & irreparable damage:

P. 8/8   Sean Jelen v. Tenisha Williams et al

24a - No action filed within the jurisdiction of the Bureau of Prisons Administrative Remedy Program would timely or sufficiently restrain the Defendants from repeatedly harassing this Petitioner by submitting sensitive, prohibited and privileged documents through known-unsecured channel when an alternative remains available.

24b - No other Court enjoys jurisdiction over this matter because it involves the implementation of Federal Regulation at a Department of Justice operated facility.

25 - The legal mail procedures explained in 28 CFR 540.17 have been implemented exclusively to protect the document's trusted to it from unnecessary and unwanted 3rd party distribution including Black staff at BOP facilities and the general inmate population. Thereupon, the very implementation of the Regulation was to provide the same securities in which I seek protection under this Motion against the Defendants

26 - The Defendants have repeatedly violated not just the rules on mailing Legal Mail, but have the reputation as one of the most unethical law groups in the New York metropolitan area

Respectfully Submitted,

SEAN JELEN