UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN JELEN, | ) <br> ) <br> ) |
| Plaintiff, | )    Civil Action No. <br> )    20-11910-IT |
| v. | ) |
| FENISHA WILLIAMS, et al., | ) <br> ) |
| Defendants. | ) <br> ) |

## ORDER

**TALWANI, D.J.**

In light of Plaintiff's release from prison to home confinement, the court directed Plaintiff to file a renewed request to proceed *in forma pauperis*. Order [#10]. Now before the court is Plaintiff's Application for Leave to Proceed in Forma Pauperis [#11].

"[O]ne must [not] be absolutely destitute to enjoy the benefit of the [*in forma pauperis*] statute" and the [*in forma pauperis*] statute does not require an individual to "contribute ... the last dollar they have or can get." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). However, "[i]n assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978)).

Plaintiff's Application indicates that during the past twelve months, he has not been employed and has not received any income from any sources. Plaintiff states further that he has no money in cash or in any bank account. Plaintiff also states that he contributes "1400-5" to

support a dependent. Plaintiff states further that he owns two properties, valued together at approximately $1,300,000. He has identified no stocks or financial instruments or any other things of value that he owns, whether held in his own name or another. Plaintiff reports debts of $1,192,000. The Application is signed under penalty of perjury. Accordingly, although it is unclear from Plaintiff's filing how his basic life expenses are being paid or how he is able to support his minor child, it does appear on the record before the court that Plaintiff is indigent, and the court is prepared to grant the application.

The court notes, however, that as required, Plaintiff has acknowledged that a false statement may result in a dismissal of his claims. Accordingly, to avoid any unanticipated dismissal of his action based on any incomplete statements in his Application as to any income or assets that he may have, the court will afford Plaintiff an opportunity to supplement his application. If Plaintiff wishes to do so, he may file an amended application, under penalty of perjury, by March 5, 2021. If Plaintiff files a supplement by that date, the court will consider the pending application moot and the amended application as the operative request.

Plaintiff may instead choose to proceed on the application as filed. If he so elects (by not filing an amended application by March 5, 2021), the court will grant the application to proceed *in forma* pauperis, and proceed with screening the complaint. However, the action will remain subject to dismissal if the court subsequently determines that a false or incomplete statement was made in the application.

**So ordered.**

/s/ Indira Talwani
United States District Judge

Dated: February 5, 2021